Rowan PARKINSON, and Rowan Parkinson, as Executor of the Estate of Shirley Lee Parkinson a/k/a Shirley L. Parkinson a/k/a Shirley Parkinson, Deceased, Plaintiffs,

v.

GUIDANT CORPORATION and/or Advanced Cardiovascular Systems, Inc., Defendants

No. CIV.A.01–1330.

United States District Court, W.D. Pennsylvania.

March 22, 2004.

Louis M. Tarasi, Jr., Tarasi, Tarasi & Fishman, P.C., Pittsburgh, PA, for plaintiffs.

Nina M. Gussack, Barry H. Boise, Sharon DiPaolo, Pepper Hamilton LLP, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER OF COURT

DIAMOND, District Judge.

This is a products liability case involving a .014 Hi–Torque Balance Middleweight guidewire manufactured by defendant Advanced Cardiovascular Systems, Inc. ("ACS") which fractured during an angioplasty and stent procedure performed on plaintiff Rowan Parkinson on May 11, 1999. By separate order, the court has granted summary judgment in favor of defendants on all claims except for plaintiffs' negligence claim alleging that ACS improperly prepared the subject guidewire and a derivative claim for loss of consortium.

Presently before the court are numerous motions *in limine* filed by defendants, three of which seek to exclude expert testimony pursuant to Fed.R.Evid. 702 and the United States Supreme Court's decision in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Specifically, defendants seek an order excluding from trial the proposed expert testimony of George Moy (Document No. 44) and Norman Johanson (Document No. 47), as well as the supplemental reports and testimony of Johanson and Ronald Crooks (Document No. 75). For the following reasons, defendants' motions will be denied.

The parties are quite familiar with all of the relevant background pertaining to these motions and it will not be restated in detail here.

■ The Federal Rules of Evidence embody a strong and undeniable preference for the admission of any evidence having some potential to assist the trier of fact. *DeLuca by DeLuca v. Merrell Dow Pharmaceuticals, Inc.* 911 F.2d 941, 956 (3d Cir.1990). The rule governing expert testimony embraces this policy and has been construed liberally in favor of admissibility in this jurisdiction. *United States v. Velasquez,* 64 F.3d 844, 849 (3d Cir.1995); *In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 741 (3d Cir.1994) (*"Paoli II"*).

■ Federal Rules of Evidence 702 and 104(a) provide the starting point for determining the admissibility of expert testimony. *Holbrook v. Lykes Bros. S.S. Co., Inc.,* 80 F.3d 777, 781 (3d Cir.1996). Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Under Rule 104(a), the court is to make preliminary determinations as to whether the proposed expert is qualified and whether the opinion testimony is admissible under Rule 702.[1] *Holbrook,* 80 F.3d at 781 (*citing Daubert,* 509 U.S. at 592, 113 S.Ct. 2786). "This preliminary task insures that the testimony meets a minimum threshold of reliability and relevance." *Id.*

■ "Under *Daubert*'s interpretation of Rule 104(a), a district court facing a proffer of expert testimony must as a preliminary matter assess whether the methodology underlying the expert's testimony is scientifically valid. The court accomplishes this 'by considering all relevant factors that may bear on the reliability of the proffered evidence.'" *Holbrook,* 80 F.3d at 784 (*quoting Velasquez,* 64 F.3d at 849). This requirement is not to be strictly applied. *Id.* Helpfulness remains the ultimate touchstone of admissibility. "If the expert has 'good grounds' for the testimony, the scientific evidence is deemed sufficiently reliable." *Id.* (*citing Daubert,* 509 U.S. at 590, 113 S.Ct. 2786).

■ The court's analysis generally is limited to the reliability of the principles and methodology employed in rendering the proffered opinions. *Id.* Nevertheless, the court also is required to "examine the expert's conclusions in order to determine whether they could reliably follow from the facts known to the expert and the method-

---

1. Neither party has requested that the court conduct an evidentiary hearing, and the court finds that a hearing is not necessary in order to rule on defendants' motions. An *in limine* hearing is not always required whenever a *Daubert* objection is raised to a proffer of evidence, and whether to hold a hearing rests in the sound discretion of the trial court. *Padillas v. Stork–Gamco, Inc.,* 186 F.3d 412, 418 (3d Cir.1999). Here, the facts upon which the court must make its determination have been adequately presented to the court in the parties' papers and accompanying exhibits. Given the completeness of the written record, the court concludes that a hearing will not enhance its ability to decide this motion. *See In re Paoli R.R. Yard PCB Litigation,* 35 F.3d 717, 749 (3d Cir.1994) (*"Paoli II"*) ("Evaluating the reliability of scientific methodologies and data does not generally involve assessing the truthfulness of the expert witness and thus is often not significantly more difficult on a cold record."). Accordingly, a full evidentiary hearing is neither warranted nor required, and merely would cause unnecessary expense and delay. *See* Fed.R.Civ.P. 1.

ology used." *Heller v. Shaw Industries, Inc.*, 167 F.3d 146, 153 (3rd Cir.1999). Where any particular conclusion fails to "fit with the data alleged to support it," the court has an obligation to exclude that portion of the proffered testimony. *Id.; see also Daubert,* 509 U.S. at 591, 113 S.Ct. 2786.

■ With the foregoing principles in mind, the court first will address defendants' challenge to the proffered testimony of George Moy, M.D., plaintiffs' proposed causation expert. Moy is a board certified and licensed physician specializing in interventional cardiology who has performed over 650 angioplasty procedures, including the one at issue in this case on Rowan Parkinson on May 11, 1999. Moy is prepared to offer his opinion, based upon a reasonable degree of medical certainty, "that this defective guidewire was the cause of the necessary bypass surgery, and the resulting problems of Mr. Parkinson." See Plaintiffs' Expert Witness Reports, Ex. 1 (Document No. 26).

Defendants challenge the reliability of Moy's opinion on causation because: (1) it is not based on a valid temporal relationship and (2) he cannot rule out alternative causes for the dissection of plaintiff's vessel. More specifically, defendants contend Moy's opinion is unreliable because his own testimony raises the possibility that an arterial dissection occurred before the guidewire fracture and because it fails to account for and adequately explain his reasons for dismissing plausible alternative causes of the dissection.

Upon due consideration of the parties' briefs and in light of the liberal interpretation of *Daubert* and Rule 702 in this Circuit, the court concludes that Moy's testimony is reliable and admissible. Moy's opinion that the dissection of Parkinson's artery and the bypass surgery to remove the fractured tip were caused by the frac-turing of the guidewire is based upon sufficient facts and data and his conclusions could reliably follow from the facts known to him and the methodology employed.

Defendants' challenges to Moy's opinion more appropriately go to the weight of his testimony as opposed to its admissibility. Defendants certainly are free to challenge Moy on cross-examination as to the exact time the dissection of the artery occurred, whether there may have been more than one dissection, and, if so, whether the dissection that necessitated the bypass surgery was caused by the fractured guidewire. These are questions for the jury, not for the court in assessing the admissibility of the testimony. *See* Fed.R.Evid. 702 Advisory Committee Notes (2000 amendments) ("The emphasis in the amendment on 'sufficient facts or data' is not intended to authorize a trial court to exclude an expert's testimony on the ground the court believes one version of the facts and not the other."). Accordingly, defendants' motion to exclude Moy's testimony will be denied.

■ Defendants also challenge the proffered supplemental reports of Ronald Crooks, a metallurgist, and Norman Johanson, a mechanical engineer, which were prepared after destructive testing of the guidewire on March 20, 2003. In the course of that testing, which was conducted under the supervision of defendants' expert witness Mauro Ferrari and was observed by both Crooks and Johanson, a detailed scanning electron microscopic examination ("SEM") was performed on the fractured tip of the guidewire and 15 SEM photographs were taken. Plaintiff intends to call Crooks and Johanson on the issue of whether the subject guidewire was improperly prepared.

Defendants first challenge the supplemental report of Crooks dated April 17,

2003, which was based on Crooks' observations of the testing and review of the 15 SEM fractographs. Crooks' proffered opinion is that "manufacturing flaws are clearly present on both the titanium wire and the stainless steel ribbon and ... these manufacturing flaws contributed to the premature fracture of these wires as they were being used in a manner consistent with their intended purpose." Exhibit A to Defendants' Memorandum in Support of Motion *In Limine* to Preclude Supplemental Expert Testimony.

Defendants challenge Crooks' testimony on three grounds: (1) that Crooks is not qualified to render the expert opinions set forth in his supplemental report; (2) that his opinion is unreliable and not based on discernible methodology; and (3) his opinions do not "fit" because he cannot say whether alleged manufacturing flaws caused or contributed to the fracture.

First, the court finds that Crooks, a metallurgist with 30 years of experience in the production of wires and items from wires, is qualified to offer an opinion as to whether the wire at issue here was improperly prepared. The Third Circuit has made clear that "a broad range of knowledge, skills, and training qualify an expert as such" and has "eschewed imposing overly rigorous requirements of expertise." *Holbrook*, 80 F.3d at 781; *Paoli II*, 35 F.3d at 741.

Here, Crooks has more than a sufficient range of knowledge, training and experience to qualify as an expert. Although defendants' challenge Crooks qualifications because he has no training or experience with coronary guidewires specifically, this too goes to the weight, not admissibility, of Crooks' testimony. *Holbrook*, 80 F.3d at 782 (who is best qualified if a matter of weight upon which reasonable jurors may disagree).

■ The court also finds that Crooks' opinion is reliable, is based upon valid scientific methodology and that his conclusion that manufacturing flaws caused the premature fracturing of the subject guidewire could reliably follow from the facts known to Crooks and the methodology used. Crooks based his opinion on his observation of the destructive testing of the guidewire tip, testing developed and performed under the direction of defendants' expert witness, and the SEM fractographs from that testing. Again, the fact that defendants and their expert may disagree with Crooks as to whether the asserted flaws actually were in fact flaws and whether such flaws contributed to the guideline fracture is a matter of weight not admissibility.

The Third Circuit has emphasized that a party "does not have to demonstrate to the judge by a preponderance of the evidence that the assessments of their experts are correct, they only have to demonstrate by a preponderance of evidence that their opinions are reliable ... The evidentiary requirement of reliability is lower than the merit standard of correctness." *Paoli II*, 35 F.3d at 744.

Here, Crooks' proffered opinion is reliable and his conclusion "fits" the methodology employed. If defendant believes that Crooks' testimony is shaky because, *inter alia*, it does not account for how much force Moy may have applied, how much force a wire without the alleged manufacturing flaws could withstand, and how much strength reduction actually was caused by the alleged flaws, then the proper means to attack Crooks' testimony is through vigorous cross-examination and presentation of contrary evidence at trial. *See Daubert*, 509 U.S. at 595, 113 S.Ct. 2786.

■ Defendants also challenge the supplemental report of Johanson dated April

17, 2003, prepared after destructive testing of the guidewire. Johanson's report found, within a reasonable degree of technical and engineering certainty, *inter alia,* that "[t]he core of the subject guidewire and the shaping ribbon were both defectively manufactured with improperly rough and irregular surfaces, rendering them susceptible to fracture at points of stress concentration." Exhibit B to Memorandum in Support of Defendants' Motion *In Limine* to Preclude Supplemental Reports.

In light of the liberal standard for admissibility, the court also finds that Johanson, a mechanical engineer, is qualified to proffer his opinion as to the asserted manufacturing flaws in the subject guidewire. Likewise, the court finds that Johanson's proffered testimony on whether the guidewire was improperly prepared is reliable and that his conclusion fits the facts known and methodology employed. Again, any challenges that defendants' have advanced to Johanson's testimony more properly are directed at credibility, not admissibility.

Thus, for the foregoing reasons, the court finds that Moy, Crooks and Johanson all are qualified to testify as experts, and that their proffered testimony is based upon sufficient facts and data, is the product of reliable principles and methods and that all three experts have applied the principles and methods reliably to the facts. Accordingly, the testimony of Moy, Crooks and Johanson is admissible and defendants' motions to exclude their testimony under *Daubert* and Rule 702 will be denied.

Also before the court is defendants' motion *in limine* to exclude evidence of other incidents of guidewire fractures (Document No. 45). For the following reasons,

defendants' motion will be denied without prejudice.

Defendants' motion seeks to exclude evidence obtained by plaintiffs from an FDA database known as MAUDE (Manufacturer & User Device Experience)[2] which contains ten reports of adverse events occurring with defendants' Hi–Torque Balance Middleweight guidewire. Defendants move for exclusion of this information under Fed.R.Evid. 802, 402 and 403, arguing that the reports are inadmissible hearsay not falling within any recognized exception, and, in any event are inadmissible because plaintiffs cannot show that the incidents described in the reports are substantially similar to the one at issue here.

In response, plaintiffs state that they do not intend to introduce the reports to establish prior incidents of guidewire fractures, but that they may seek to introduce statements made in two of the ten reports as admissions of a party-opponent under Fed.R.Evid. 801(d)(2) in order to rebut or impeach testimony of defendants' expert witness, Mauro Ferrari, Ph.D.

In turn, defendants replied that they are unsure at this time whether they even will call Ferrari at trial. Accordingly, the court will deny defendants' motion without prejudice to defendants' right to renew their objection to the use of this evidence at the time of trial.

An appropriate order will follow.

### ORDER

AND NOW, this 22nd day of March, 2004, for the reasons set forth in the memorandum above, IT IS ORDERED that defendants' motion *in limine* to preclude the expert testimony of George Moy, M.D.

---

**2.** The MAUDE database contains, *inter alia,* information from medical device reports ("MDR") which the FDA requires the medical device industry and users of medical devices to complete whenever there is a medical device related event that could involve patient consequences. 21 C.F.R. § 803.1.

(Document No. 44) be, and the same hereby is, denied; and

IT FURTHER IS ORDERED that defendants' motion *in limine* to exclude evidence of other incidents of guidewire fractures (Document No. 45) be, and the same hereby is, denied without prejudice; and

IT FURTHER IS ORDERED that defendants' motion *in limine* to preclude the expert testimony of Johanson (Document No. 47) and defendants' motion *in limine* to preclude the supplemental expert testimony of Crooks and Johanson (Document No. 76) be, and the same hereby are denied, and Crooks and Johanson will be permitted to testify as experts on the issue of whether the subject guidewire was improperly prepared.